IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WILLIAM KELLY, JR. | § | |
|---|---|---|
| Plaintiff, | § § § | |
| VS. | § | NO. 3-07-CV-1510-N |
| CITY OF DALLAS, ET AL. | § § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by William Kelly, Jr., a Texas prisoner, against Dallas County, Texas, the City of Dallas, and various judges, prosecutors, parole officials, police officers, and jail employees. On September 5, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 9, 2007. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

On or about January 13, 2004, plaintiff was arrested by Dallas police officers for assaulting his wife. According to plaintiff, the arresting officers acted without probable cause, made racist remarks, and refused to let him retrieve his blood pressure medication before taking him to jail. Although the assault charge was eventually dismissed, plaintiff remained in custody on a parole violation. On February 27, 2004, plaintiff's parole was revoked based on the same conduct that formed the basis of the assault charge.

Plaintiff was incarcerated in the Dallas County Jail from January 13, 2004 until March 31, 2004. During that time, plaintiff contends that detention officers ignored his repeated requests for medical care and that the jail medical staff failed to treat him for hypertension. As a result, plaintiff alleges that he experienced headaches, dizziness, nosebleeds, blurred vision, and chest pain. Plaintiff also accuses unidentified jail employees of confiscating various items of his personal property. By this suit, plaintiff seeks $2.5 million in damages, the return of his property, and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

A federal civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). With respect to plaintiff's claims for false arrest and wrongful prosecution, the limitations period commenced on January 16, 2004--the date the assault charge was dismissed. *See Price v. City of San Antonio*, 431 F.3d 890, 894 (5th Cir. 2005) (holding that false arrest and malicious prosecution claims asserted together both accrue when the underlying criminal proceeding is terminated in favor of plaintiff). At the very latest, the statute of limitations on plaintiff's medical care and property deprivation claims started to run on March 31, 2004--the date he was transferred from the Dallas County Jail to the TDCJ-ID. *See Lee v. Gusman*, No. 06-1755, 2006 WL 1985926 at *2 (E.D. La. Jun. 26, 2006) (statute of limitations on medical care claim against jail officials commenced no later than the date prisoner was transferred from the jail). Yet plaintiff waited more than *three years* after the dismissal of his assault charge and more than *three years* after his transfer from the Dallas County Jail to the TDCJ-ID before filing this action in federal court. Because it is clear from the face of the pleadings that

plaintiff's claims are time-barred, dismissal is proper. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

C.

To the extent plaintiff asserts any claims arising out of his parole revocation, such claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. Where, as here, the underlying criminal proceeding is a parole revocation, the critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "call into question the fact or duration of parole." *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). If so, the civil rights claim is barred unless the decision of the parole board has been "reversed, expunged, set aside, or called into question." *Id.*

Plaintiff acknowledges that his parole revocation has never been reversed or set aside. (*See* Plf. Compl. at 5; Mag. J. Interrog. #4). Consequently, he cannot maintain a civil rights action based on the revocation of his parole.

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE